UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| MICHAEL EDWARD MOORE, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 1:11-CR-60-HSM-SKL-1 |
| | ) | | 1:16-CV-131-HSM |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 63].[1] He bases the request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on June 20, 2016 [Doc. 65]. For the reasons below, Petitioner's § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.    BACKGROUND**

At the close of trial in 2011, a jury convicted Petitioner of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), and possessing a stolen firearm, in violation of 18 U.S.C. § 922(j) [Doc. 39]. Based on three prior Tennessee convictions for Class D simple burglary and one prior Tennessee conviction for aggravated burglary, the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's fifteen-year mandatory

---

[1]    On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) to investigate whether Petitioner is entitled to collateral relief and to file a petition or supplement an existing petition where appropriate. E.D. Tenn. S.O. 16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed the instant petition.

minimum sentence [Presentence Investigation Report (PSR) ¶¶ 30, 58]. Because of his prior convictions, the probation officer assigned Petitioner seventeen criminal history points and a criminal history category of VI, the same category mandated by Petitioner's ACCA designation [*Id.* ¶¶ 63, 64]. Petitioner's total offense level and criminal history category yielded a Guideline range of 235 to 293 months' imprisonment [*Id.* ¶ 90, 91]. On June 6, 2012, the Court sentenced Petitioner to 235 months' imprisonment, within and at the bottom of the applicable Guideline range [Doc. 51].

Four years later—on May 13, 2016, Petitioner filed the instant petition for collateral relief based on the *Johnson* decision [Doc. 63 (attacking ACCA status in light of the *Johnson* decision)].

## II. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug

2

offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). For purposes of § 924(e)(B)(2)(i), "the phrase 'physical force' means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 130 S. Ct. 1265, 1271 (2010). Only the residual clause was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a prior serious drug offense as an independent form of ACCA predicate conviction. *See, e.g., United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *9–13 (E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect categorization as an armed career criminal based on prior serious drug offenses).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent

3

felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (denying petition where conviction qualified as a predicate offense independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n.1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

Review of Petitioner's prior state court judgments reveal that all three of Petitioner's prior burglary convictions involved the Class D variant of that offense [Docs. 50-1, 50-2].[2] For purposes of § 924(e), the Supreme Court has defined "burglary" as any conviction, "regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). At the time that Petitioner committed his Class D burglaries, Tennessee defined that offense as follows: (a)(1) "enter[ing] a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;" (a)(2) "remain[ing] concealed, within the intent to commit a felony, theft or assault;" or (a)(3) "enter[ing] a building and commit[ing] or attempt[ing] to commit a felony, theft or assault."

---

[2] "[D]istrict court[s] [are] allowed to accept as true all factual allegations in a [PSR] to which the defendant does not object." *United States v. Bondurant*, 146 F. App'x 762, 763 (6th Cir. 2005). The proper time for making such an objection is at the original sentencing hearing and failure to make the objection at that time waives future objections. *United States v. Levy*, 250 F.3d 1015, 1018 (6th Cir. 2001). Without explanation as to his basis for doing so, Petitioner objects to the PSR's factual summary of his burglary offenses [Doc. 66 pp. 1–2]. Because Petitioner did not object to the use of those summaries at the original sentencing hearing, he cannot do so now.

4

Tenn. Code Ann. § 39-14-402.³ Binding Sixth Circuit authority makes clear that all three variants of Class D burglary remain violent felonies after the *Johnson* decision under the ACCA's enumerated-offense clause. *See Priddy*, 808 F.3d at 685 (finding that post-1989 Tennessee Class D burglary is categorically a violent felony under the ACCA's enumerated offense clause); *see also United States v. Eason*, 643 F.3d 622, 624 (8th Cir. 2011) ("Subparts (1)–(3) of [Tenn. Code Ann. § 39-14-402] plainly set forth the elements of generic burglary as defined by the Supreme Court in [the Taylor [decision]."). To the extent that Petitioner argues that subdivision (a)(3) criminalizes conduct in excess of generic burglary [Doc. 66 pp. 2–4], he has failed to identify any intervening authority or basis on which this Court might deviate from the otherwise binding nature of the Sixth Circuit' prior holding to the contrary. In absence of the same, this Court remains bound by the Sixth Circuit's decision in *United States v. Priddy*, 808 F.3d 676 (6th Cir. 2015).⁴

Because at least three prior convictions remain violent felonies under provisions unaffected by the *Johnson* decision, Petitioner has not established an entitlement to relief. The

---

³ Tennessee revised its burglary statutes on November 1, 1989, as part of the State's comprehensive criminal code revision. *See, e.g.*, *State v. Langford*, 994 S.W. 2d 126, 127–28 (Tenn. 1999). The pre-1989 version of the Tennessee Code criminalized six types of burglary offenses: (1) first-degree burglary, Tenn. Code Ann. § 39-3-401 (1982); (2) breaking after entry, Tenn. Code Ann. § 39-3-402 (1982); (3) second-degree burglary, Tenn. Code Ann. § 39-3-403 (1982); (4) third-degree burglary, Tenn. Code Ann. § 39-3-404(a)(1) (1982); (5) safecracking, Tenn. Code Ann. § 39-3-404(b)(1) (1982); and (6) breaking into vehicles, Tenn. Code Ann. § 39-3-406 (1982). Tennessee law now prohibits only three types of burglary: (1) burglary, Tenn. Code Ann. § 39-14-402 (2016); (2) aggravated burglary, Tenn. Code Ann. § 39-14-403 (2016); and (3) especially aggravated burglary, Tenn. Code Ann. § 39-14-404 (2016).

⁴ Explaining that district courts should only deviate from the binding authority of the Circuit in which it sits where it is "powerfully convinced that the [C]ircuit will overrule itself at the next available opportunity." *Beard v. Whitley Cnty. REMC*, 656 F. Supp. 1461, 1471 (N.D. Ind. 1987), *aff'd*, 840 F.2d 405 (7th Cir. 1988).

Court need not address the status of Petitioner's prior Tennessee conviction for aggravated burglary.

IV. **CONCLUSION**

For the reasons discussed above, the § 2255 motion [Doc. 63] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

                                       */s/ Harry S. Mattice, Jr.*
                                       HARRY S. MATTICE, JR.
                                       UNITED STATES DISTRICT JUDGE